Henry Herman v. Commissioner.
Herman v. Commissioner
Docket No. 1749-63.
United States Tax Court
T.C. Memo 1964-231; 1964 Tax Ct. Memo LEXIS 107; 23 T.C.M. (CCH) 1404; T.C.M. (RIA) 64231; September 3, 1964
*107 Henry Herman, pro se, 128 E. Harriet Ave., Palisades Park, N.J. Alan M. Stark for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: Respondent determined a deficiency in petitioner's income tax for 1956 in the amount of $425.71, based upon the reduction of a net operating loss carryback deduction which petitioner has claimed from his 1959 taxable year. Petitioner does not dispute the correctness of respondent's action, but argues basically that his reliance on the advice of Internal Revenue Service personnel, who assisted him in preparing his returns, should relieve him of the income tax liability here asserted. Findings of Fact Petitioner resides in Palisades Park, New Jersey, and filed his income tax returns for 1956 and 1959 with the district director of internal revenue at Newark, New Jersey. During 1956 and 1959, petitioner was a salesman for several companies. In 1959, petitioner received wages of $2,670, from which he deducted $532.98 for unreimbursed expenses, and reported adjusted gross income in the amount of $2,136.02. [1] Petitioner reported itemized deductions in 1959 in the amount of $2,866.77, of which $2,347.89 represented *108 a loss from his business activity as a manufacturer's representative. Petitioner reported no adjusted gross income, and claimed an overpayment of $393.40, the amount of taxes withheld from his salary. Petitioner received assistance in preparing his income tax returns from some persons at the Internal Revenue Service. He applied for, and received, refund of his 1956 income taxes, resulting from his claim of a tentative loss carryback adjustment from his 1959 business venture loss of $2,347.89. Respondent determined that petitioner's treatment of his 1959 business venture loss as a net operating loss carryback to 1956 was erroneous; that $2,137.02 thereof should have been deducted from petitioner's 1959 taxable income; and that only the remaining $210.87 could be carried back to 1956. Respondent has adjusted petitioner's 1956 income tax to reflect this determination and has accordingly increased the amount of petitioner's allowable medical expense deduction claimed on petitioner's original return. Opinion Petitioner does not dispute the correctness of respondent's *109 adjustments. His grievances are directed rather to what he considers to be "ill-treatment and lack of assistance and cooperation" from Internal Revenue Service personnel after he filed his returns; and the erroneous advice which he claims to have received from Internal Revenue Service personnel in filling out his returns. It is clear that the respondent would not be estopped from asserting this deficiency even if petitioner's unsubstantiated allegations are taken as true. (C.A.D.C., 1936), affd. ; Automobile Club [of Michigan] v. , (1957); ; , affd. (C.A. 3, 1941); , affd. (C.A. 9, 1941). Respondent is free to re-examine and reestablish tax liability unless barred by the statute of limitations or a binding settlement agreement, neither of which situations applies to the instant case. *110 (C.A. 8, 1950), affirming a Memorandum Opinion of this Court; (C.A. 3, 1946), affirming . He may also determine that a refund was erroneously paid. (C.A. 1, 1933). In his petition, petitioner has set out the history of his dealings with the Internal Revenue Service personnel whom he believes have caused him extreme hardship and treated him discourteously. He states that he has lodged a protest with the Regional Inspector's office in Newark and has furnished that office with evidence to substantiate these claims. In any event, this Court is not the proper forum for airing his asserted grievances. Since he has not disputed the correctness of respondent's determination, Decision will be entered for the respondent. Footnotes
1. Respondent has properly increased this amount to $2,137.02 to correct petitioner's error in subtraction.↩